JOHN R. HABASHY (SBN 236708)
(john@lexiconlaw.com)
TIFFANY N. BUDA (SBN 232679)
(tiffany@lexiconlaw.com)
**LEXICON LAW PC**
633 W. Fifth St., 28th Floor
Los Angeles, CA 90071
Telephone: 213-233-5900
Fax: 888-373-2107

Local Counsel for Plaintiff and the Proposed Class

Ryan M. Kelly (Pro Hac Vice to be submitted)
(rkelly@andersonwanca.com)
**ANDERSON + WANCA**
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: 847-368-1500
Fax: 847-368-1501

Counsel for Plaintiff and the Proposed Class

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRY D. FABRICANT, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>FIRST HOME BANK, a Florida state chartered bank,<br><br>Defendant. | Case No.: 2:19-cv-07134<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Terry D. Fabricant ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint (the "Complaint") against Defendant, First Home Bank, ("Defendant"), and alleges, upon personal knowledge as to his own conduct, and upon information and belief as to the conduct of others, as follows:

**INTRODUCTION**

1. Plaintiff brings this Complaint against Defendant to secure redress because Defendant willfully violated the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq.* ("TCPA") and invaded Plaintiff's privacy by causing unsolicited calls to be made to Plaintiff's and other class members' cellular telephones through the use of an auto-dialer and/or artificial or pre-recorded message, called Plaintiff's cellular telephone without prior written express consent which was listed on the National Do Not Call Registry.

2. The Defendant made at least one unauthorized call to Plaintiff's cell phone using an automatic telephone dialing system ("ATDS") for the purpose of soliciting consumer mortgage business from Plaintiff. The Act states an "automatic dialing system" means equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1)(A)-(B).

3. The TCPA was enacted to protect consumers from unsolicited telephone calls and unsolicited messages exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities, and an award of statutory damages to the members of the Class under the TCPA equal to $500.00 per violation, together with court costs, prejudgment interest, and treble damages (for knowing and/or willful violations).

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

5. Venue is proper in this District because Defendant committed a statutory tort within this district and a significant portion of the events took place within this District.

## PARTIES

6. Plaintiff, Terry D. Fabricant, is a citizen of California.

7. Defendant, First Home Bank, is a Florida chartered community bank with its principal place of business in St. Petersburg, Florida.

8. Whenever in this Complaint it is alleged that Defendant committed any act or omission it is meant that Defendant's officers, directors, employees, and/or agents committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of Defendant's officers, directors, employees, and agents.

## LEGAL BASIS FOR THE CLAIMS

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "[u]nrestricted telemarketing ... can be an intrusive invasion of privacy...." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

10. Specifically, the TCPA restricts telephone solicitations (i.e., telemarketing) and the use of automated telephone equipment. The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines. It also specifies several technical requirements for autodialers and voice messaging systems - principally with provisions requiring

identification and contact information of the entity using the device to be contained in the message.

11. All telemarketing calls to residential lines and all ATDS calls to wireless numbers violate the TCPA if the calling party does not first obtain express written consent from the called party.

12. As of October 16, 2013, unless the recipient has given prior express written consent, the TCPA and Federal Communications Commission ("FCC") rules under the TCPA generally:

    a. Prohibit solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

    b. Require that solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

    c. Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.

    d. Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to a cellular telephone, or any service for which the recipient is charged for the call.

    e. Prohibit certain calls to members of the National Do Not Call Registry.

13. Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. 47 C.F.R. § 64.1200(f)(8).

14. An entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity making the call on its behalf.

15. Finally, with respect to misdialed or wrong-number calls, the FCC recently clarified that "callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, ¶¶ 71-72 (July 10, 2015). "If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such." *Id*. Thus, any second call placed to a wrong number violates the TCPA.

## COMMON FACTUAL ALLEGATIONS

16. Defendant operates a state-chartered community bank which makes residential mortgage loans. Unfortunately for consumers, Defendant utilized (and continues to utilize) a sophisticated telephone dialing system to call individuals *en masse* promoting its services. On information and belief, Defendant obtained these telephone numbers (i.e., leads) by purchasing marketing lists containing consumers' telephone numbers.

17. In Defendant's overzealous attempt to market its services, it placed (and continues to place) phone calls to consumers who never provided consent to call and to consumers having no relationship with Defendant. Defendant knowingly made (and continues to make) these telemarketing calls without the prior express written consent of the call recipients. As such, Defendants not only invaded the personal privacy of Plaintiff and members of the Class, but also intentionally and repeatedly violated the TCPA.

18. On or about May 6, 2019, Defendant contacted Plaintiff on his cellular telephone number via ATDS, as defined by 47 U.S.C. § 227(a)(l) without first obtaining Plaintiff's written consent. The autodialed call was made from 855-260-4497 at 9:05 AM.

19. On or about May 7, 2019, one of Plaintiff's attorneys wrote complaining of the call, asserted that Plaintiff had not provided his express written consent and requested that the calls stop. A true and correct copy of the letter is attached hereto as Exhibit A.

20. Plaintiff's cellular phone number has been included in the National Do Not Call Registry prior to 2014.

21. Plaintiff was able to answer the call, there was a long pause and thereafter Plaintiff was able to interact with Defendant's autodialer and live representatives, first a male with very poor English language skills and then with Katie Blue. Once Plaintiff realized that the call was an autodialed telemarketing call, Plaintiff asked not to be contacted.

22. On information and belief, and based on the circumstances of the call as described above, Defendant called Plaintiff using an ATDS.

23. Due to the unsolicited call, because Plaintiff received a call from Defendant who is over a thousand miles away and with no prior business relationship, and because there was a long pause after Plaintiff received the call, it was obvious to Plaintiff that a computer was dialing his number.

24. Plaintiff understood the purpose of Defendant's call was to have Plaintiff apply for a consumer loan offered by Defendant.

25. Plaintiff is the exclusive user of the cellular telephone that Defendant called.

26. Defendant's call to Plaintiff constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(l)(A)(i).

27. Plaintiff did not provide Defendant with prior express written consent to receive calls to his cellular telephone utilizing an ATDS and artificial or pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

28. Defendant's call which utilized an ATDS invaded Plaintiff's privacy and violated 47 U.S.C. § 227(b)(1).

29. Plaintiff has reason to believe Defendant has called, and continues to call, thousands of wireless telephone consumers to market its consumer loan services without consent required by the TCPA.

30. In order to redress injuries caused by Defendant's violations of the TCPA, Plaintiff, on behalf of himself and a class of similarly situated individuals, bring suit under the TCPA, 47 U.S.C. § 227, et seq., which prohibits certain unsolicited voice calls which utilizes an ATDS to cell phones.

31. On behalf of Plaintiff and the Class, Plaintiff seeks an injunction requiring Defendant to cease all wireless telemarketing activities and an award of statutory damages to the Class members, together with prejudgment interests, and costs.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of:

> All persons in the United States who received a call made by or on behalf of Defendant to the individual's cellular telephone through the use of an automatic telephone dialing system, or any other device having the capacity to dial numbers without human intervention, from four years prior to the date of filing of this Complaint until the date Defendant's conduct ceases, where the call(s) were made without prior express written consent from the recipient to make such call.

Excluded from the class is employees and agents of Defendant as well as members of the judiciary.

33. Plaintiff reserves the right to modify the class definition as the contours and parameters of the class become apparent through discovery in this matter.

34. Plaintiff and the Class members were harmed by Defendant's acts in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid; and Plaintiff and Class members' privacy was invaded.

35. The exact size of the Class is presently unknown but can be ascertained through a review of Defendant's records, and it is clear that individual joinder is impracticable. On information and belief Defendant made telephone calls to thousands of consumers who fall within the definition of the Class.

36. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class.

37. Common questions for the Class include, without limitation:
   a. Whether Defendant's conduct violated the TCPA;
   b. Whether Defendant systematically made telephone calls to consumers who did not previously provide Defendant and/or its agents with prior express written consent to receive such phone calls after;
   c. Whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct;
   d. Whether Defendant systematically made telephone calls to consumers using any automatic dialing system to any telephone number assigned to a cellular phone service without prior express written consent of the called party, and;

e. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

38. Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

39. Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions.

40. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

41. This class action is appropriate for class certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class and making an award of damages and final injunctive relief appropriate with respect to the Class as a whole.

42. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

43. This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable.

44. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

45. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct.

46. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.

47. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 FOR THE USE OF AN ATDS

48. Defendant made an unsolicited and unauthorized call using an ATDS to Plaintiff's and the Class members' cellular telephones for the purpose of Defendant's consumer loan products and/or services to Plaintiff and the Class.

49. Defendant made the call without obtaining prior express written consent from Plaintiff and the Class.

50. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

51. Defendant's conduct invaded Plaintiff's privacy.

52. As a result of Defendant's violations of 47 U.S.C. § 227, et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

53. Because Defendant had knowledge that Plaintiff and the Class did not consent to the receipt of the aforementioned telephone solicitations, the Court should, pursuant to 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the Class.

54. Plaintiff and the class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, Terry Fabricant, individually and on behalf of the Class, respectfully requests the following relief against Defendant, First Home Bank:

   a. An order certifying this matter as a class action with Plaintiff as Class Representative, and designating Anderson + Wanca as lead Class Counsel.
   b. An award of statutory damages for each and every negligent violation to each member of the Class pursuant to 47 U.S.C. § 227(b)(3)(B);
   c. An award of actual and statutory damages for each and every knowing and/or willful violation to each member of the Class pursuant to 47 U.S.C. § 227(b)(3)(B);
   d. Injunctive relief prohibiting the Defendant's conduct complained of herein, pursuant to 47 U.S.C. § 227(b)(3)(A);
   e. Pre-judgment interest from the date Defendant's statutory torts were committed until the date of judgment;
   f. An award of reasonable attorneys' fees and court costs in this action;
   g. All other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff and the Class demand a jury trial on all issues so triable.

1  DATED: August 15, 2019        LEXICON LAW PC

2

3                                By: /s/John R. Habashy
                                 JOHN R. HABASHY
4

5                                ANDERSON + WANCA
                                 RYAN M. KELLY *(pro hac vice to be
6                                submitted)*

7                                Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28